| | | |
|---|---|---|
| ADRIA J. McLAUGHLIN | * | IN THE |
| 871 Turf Valley Dr. | | |
| Pasadena, MD 21122 | * | CIRCUIT COURT |
| | | |
| Plaintiff | * | FOR |
| | | |
| TARGET CORPORATION | * | HOWARD COUNTY |
| Principal Office: 777 Nicollet Mall | | |
| Minneapolis MN 55402 | * | Case No.: C-13-CV-21-000195 |
| Serve On Resident Agent: | | |
| THE CORPORATION TRUST, | * | |
| INCORPORATED | | |
| 2405 York Road | * | |
| Suite 201 | | |
| Lutherville, Timonium MD 21093-2264 | * | |
| | | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Adria J. McLaughlin, Plaintiff, by Joel G. Fradin, her attorney, sues Target Corporation (hereinafter "Target"), Defendant, and says:

1. That on or about March 14, 2018 the Plaintiff was a business invitee in the Target store located in Long Gate Shopping Center on Montgomery Road in Howard County, Maryland, for the purpose of looking for a mop to purchase.

2. Plaintiff alleges that she saw a display of mops and other household cleaning objects, walked over to the display and grasped one of the mops on display there, in order to examine it. Plaintiff avers that, when she did so, the overhead end-cap of the frame of the display came loose, fell off of the display and struck her on the left side of her face and mouth, which caused severe and permanent damage to two teeth in the left side of her maxilla. Plaintiff alleges that one of those teeth broke off, leaving only the root behind, and the other tooth was fractured.

3. Plaintiff avers that there were no signs or warnings present at or near the afore-described display suggesting that there might be a danger to invitees from parts of the display falling off the display and striking invitees; no signs or warnings instructing invitees not to touch

the goods in the display; and no signs or warnings instructing invitees to stand a certain distance away from the display. Moreover, the display was not roped off, nor were there any physical barriers, or any other measure taken, calculated to prevent an invitee from getting close enough to the display to either touch the goods on display or to be injured by an object falling off of the display. Nor was there any sign instructing invitees to seek the assistance of store employees if they wanted to examine any object in the display.

4. Plaintiff contends that the display in question was created and set up by the agents and employees of the Target store in question. Plaintiff further contends that the Defendant owed a duty to all invitees, including the Plaintiff, to construct and set up their displays so that the individual parts of the display would be tightly secured and not become loose over time; and to make frequent inspections of their displays to ascertain whether any fittings had become loose and therefore likely to fall and strike an invitee.

5. Plaintiff further contends that Defendants employees and agents were negligent and breached their duty to the Plaintiff in failing to properly secure the end-cap as afore-described; in failing to periodically inspect the display to make certain that all parts of the display, including the end cap in question, were still securely in place; in failing to place sign, warnings, and/or barriers calculated to keep invitees far enough away from the display to prevent them from being struck by objects falling off the display; or place signs near the display instructing invitees to seek the assistance of a store employee if they wanted to examine any object on the display. Plaintiff further contends that the negligence of Defendant's agents and employees as afore-described is imputed to the Defendant.

6. Plaintiff contends, therefore, that the Defendant knew, or reasonably should have known, through the knowledge of its agents, that the end cap in question had become loose, thereby constituting a safety hazard and risk of harm to invitees, and that Defendant had a

reasonable opportunity to secure the end-cap or post warnings before Plaintiff was injured by it, but negligently failed to do so.

7. Plaintiff alleges that, as a result of the negligence of the Defendant as afore-described, Plaintiff was caused to incur serious, painful and permanent injury to her head, mouth and teeth; to sustain severe shock and damage to her nerves and nervous system; to suffer great physical pain and mental anguish; to incur great expense, both past and future, for dental and other healthcare; to lose time from her daily activities; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

*/s/ Joel G. Fradin*
JOEL G. FRADIN w/ Permission
CPF#7012010060
Nottingham Center - Suite 730
502 Washington Avenue
Towson, Maryland 21204
(410) 337-9214
(410) 337-9437 (Fax)
jgfradin@verizon.net
Attorney for Plaintiff

*/s/ Maxwell R. Collins, II*
Maxwell R. Collins, II
606 Baltimore Avenue, Suite 306
Towson, Maryland 21204-4085
collinsagas@aol.com
Phone (410) 583-7977
Facsimile (443) 322-0334
CPF ID No. 8306010090
Co-Counsel for Plaintiff

3

| | | |
|---|---|---|
| ADRIA J. McLAUGHLIN | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs | * | FOR |
| TARGET CORPORATION | * | HOWARD COUNTY |
| Defendant | * | Case No.: |

\* \* \* \* \* \* \* \* \* \* \*

## ELECTION FOR JURY TRIAL

Plaintiff elects to have the above-captioned case tried before a jury.

*/s/ Joel G. Fradin*
JOEL G. FRADIN w/ Permission

Attorney for Plaintiff

4